IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.   CASE NO.: 4:10cr1-SPM

DOCK LORENZO MCGRIFF, JR.,

    Defendant.
_____/

## ORDER DENYING MOTION TO MODIFY UNDER 18 U.S.C. § 3582

This cause comes before the Court on Defendant's motion (doc. 132) to reduce his sentence under the retroactive crack cocaine amendment (Amendment 750) and 18 U.S.C. § 3582(c). Upon review, the Court finds that Defendant is not entitled to a sentence reduction because application of the guideline amendment and even the statutory changes of the Fair Sentencing Act result in no change to Defendant's sentencing range for Count One. This is because Defendant was subject to the Career Offender enhancement and also a statutory maximum sentence of life.

Count One charged Defendant with a conspiracy involving more than 500 grams of powder cocaine and more than 5 grams of crack cocaine. The Fair Sentencing Act increased the amount of crack cocaine needed to trigger the penalties under 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams. The amount

of powder cocaine needed to trigger the penalties remained the same, however. See <u>Dorsey v. United States</u>, ___ U.S. ___, 2012 WL 2344463 at *6 (June 21, 2012).

Looking solely to the powder cocaine, which was not affected by the Fair Sentencing Act's statutory changes, the specific drug amount attributed to Defendant in the PSR is 907.2 grams of powder cocaine. Because Defendant had a prior felony drug conviction, the statutory maximum sentence for Count One was life imprisonment. 21 U.S.C. § 841(b)(1)(B)(ii) (10-life penalty for offense involving 500 grams or more of powder cocaine with prior conviction for felony drug offense).

Applying the Career Offender enhancement under section 4B1.1 of the guidelines to the maximum life sentence for Count One placed Defendant at an offense level 37 and criminal history VI. It was the Career Offender enhancement, and not the crack cocaine amount, that determined Defendant's sentencing range for Count One. Amendment 750 has not impact.

Defendant's sentencing range for Count Four would be affected if the Fair Sentencing Act's statutory changes were applied because the offense involved no powder cocaine and less than 28 grams of crack cocaine. However, the sentence Defendant actually received for Count Four (157 months concurrent with Count One) falls below the amended sentencing range, even if Amendment 750 and the Fair Sentencing Act's statutory changes were applied. The

sentence, moreover, was ordered to be served concurrently with Count One, which determined the overall sentence that Defendant received on both Counts One and Four.

In conclusion, Defendant's sentencing range was determined by the Career Offender enhancement and the life sentence available on Count One. That range remains the same even if the Fair Sentencing Act's statutory changes and 750 guideline amendments are applied. Accordingly, Defendant is not entitled to a sentence reduction. <u>United States v. Moore</u>, 541 F.3d 1323, 1327-28 (11th Cir. 2008); <u>United States v. Nunez</u>, No. 12-10139, 2012 WL 2143009 (11th Cir. June 14, 2012). Based on the foregoing, it is

ORDERED AND ADJUDGED that motion (doc. 132) to reduce sentence is denied.

DONE AND ORDERED this 22nd day of June, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge
