IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                        Case Nos.:   4:10cr1/MW/CAS
                                                        4:11cv377/MW/CAS

DOCK LORENZO McGRIFF, JR.

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 133).  The Government

has filed a response (doc. 138) and Defendant filed a reply (doc. 139).  The case was

referred to the undersigned for the issuance of all preliminary orders and any

recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc.

R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of

the record and the arguments presented, it is the opinion of the undersigned that

Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255

motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

Defendant was charged in three counts of a five count indictment with conspiracy

to distribute and possess with intent to distribute more than five hundred (500) grams of

cocaine and more than five (5) grams of cocaine base in violation of 21 U.S.C. §

841(b)(1)(B)(ii) and 841(b)(1)(B)(iii) ("Count One"); one count of distribution of an

unidentified quantity of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(C) ("Count

Two"); and one count of distribution of more than five (5) grams of cocaine base in

violation of 21 U.S.C. § 841(b)(1)(B)(iii) ("Count Four") (doc. 1). The Government filed

an information and notice of prior convictions identifying four prior felony drug

convictions (doc. 36).

Defendant was represented by Federal Public Defender Randolph Murrell. He

entered a plea of guilty to Counts One and Four before Magistrate Judge William

Sherrill on March 2, 2010, pursuant to a written plea agreement and statement of facts

(docs. 56–61). Count Two was dismissed upon motion by the Government (doc. 95).

The Presentence Investigation Report ("PSR") was disclosed to the defense on

April 12, 2010 (docs. 66, 67). Defendant was held accountable for 907.2 grams of

powder cocaine and 19.1 grams of crack cocaine which had a total marijuana

equivalent of 563.4 kilograms (PSR ¶ 20), and a corresponding base offense level of 26

(PSR ¶ 26). With a three level adjustment for acceptance of responsibility, Defendant's

total offense level would have been 23 but for the application of the career offender

enhancement (PSR ¶¶ 32–36). His offense level became 37 pursuant to § 4B1.1(b)(1),

and his total offense level after the acceptance of responsibility adjustment was 34

(PSR ¶¶ 34–36). Defendant had 14 criminal history points, but pursuant to § 4B1.1(b)

his criminal history category was automatically VI (PSR ¶ 48–50). The applicable

guidelines range was 262 to 327 months imprisonment.

The Government filed an ex parte motion regarding sentencing (doc. 89). On September 20, 2010, the court sentenced Defendant to concurrent terms of 157 months imprisonment on each count (docs. 94, 95).

Defendant's original motion to vacate was filed pursuant to the prison mailbox rule[1] on July 20, 2011. In that motion, he asserted that his sentence should be vacated and his case remanded for re-sentencing in light of the Eleventh Circuit's opinion in United States v. Rojas, 645 F.3d 1234 (11th Cir. 2011) which held that the Fair Sentencing Act of 2010 ("FSA") applies to defendants who committed crack cocaine offenses before the date of its enactment, but who are sentenced thereafter.[2]

The Government responded (doc. 130), and after Counsel was appointed for Defendant (docs. 128, 131), Defendant filed an amended motion to vacate with a memorandum in support (docs. 133, 134). In the amended motion, filed on November 29, 2011, Defendant argued that he was deprived of his due process right to be sentenced pursuant to the FSA, and that counsel was constitutionally ineffective because he failed to seek a continuance of Defendant's sentencing date until after the effective date of the post-FSA amendments to the Sentencing Guidelines. The Government responded in opposition on February 13, 2012, arguing that even though

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

[2] The original decision in Rojas was vacated, United States v. Rojas, 659 F.3d 1055 (11th Cir. 2011), and before the Eleventh Circuit panel had the opportunity to rehear the case the Supreme Court considered and decided the issue. On June 21, 2012, in Dorsey v. United States, 132 S.Ct. 2321 (2012) the Court held that the FSA applied to all defendants sentenced after August 3, 2010 when the Act took effect.

Defendant was sentenced after the enactment of FSA, he is not entitled to relief (doc. 138).

## LEGAL ANALYSIS

### Application of the FSA to Defendant's sentence

In Count One, Defendant was charged with and pleaded guilty to conspiring to distribute and possess with intent to distribute more than five hundred grams of cocaine in violation of 21 U.S.C. § 841(b)(1)(B)(ii), and more than five (5) grams of cocaine base in violation of § 841(b)(1)(B)(iii). An individual who violates § 841(b)(1)(B) is subject to a term of imprisonment of not less than 5 and not more than 40 years. However, if the violation occurs after a prior conviction for a felony drug offense has become final, as in Defendant's case, the violator shall be sentenced to not less than 10 years and not more than life imprisonment. After the FSA, for the penalty provisions of this section to apply, the offense conduct must involve 28 grams or more of cocaine base. 21 U.S.C. § 841(b)(1)(B)(iii). Thus, Defendant is correct that the 19.1 grams of cocaine base for which he was held accountable would not support the post-FSA penalties under this section. However, Defendant's argument ignores the fact that he was also held accountable for 907.2 grams of powder cocaine, which was well in excess of the threshold 500 grams of cocaine required to invoke the penalties of § 841(b)(1)(B).

Once the threshold amount of drugs is reached to invoke these penalties, the sentence of a defendant who qualifies as a career offender is no longer driven by the quantity of drugs attributed to him, but rather by the fact that he is a career offender. Therefore, because the statutory maximum penalty for a violation of § 841(b)(1)(B) for

an individual with a prior felony drug conviction is life imprisonment, Defendant's base offense level under § 4B1.1(b)(1) of the career offender guideline was 37, regardless of whether any cocaine base was taken into consideration at all. Therefore, his career offender guideline range after the FSA, which affected only cocaine base, remains unchanged.[3]

While it might appear at first blush that Defendant would be entitled to a sentence reduction with respect to Count Four,[4] this is not the case. Counts One and Four were grouped for sentencing purposes under § 3D1.2, and the count of conviction with the maximum authorized term of imprisonment, in this case Count One, was used to determine the offense statutory maximum under the career offender guideline. *See* U.S.S.G. § 4B1.1, comment. (n.2). Furthermore, because the sentence Defendant ultimately received on Count Four was well below the 360 month statutory maximum

---

[3] The Government notes in its response that defense counsel Mr. Murrell " raised the potential enactment of the FSA with the District Court and cited cases . .. in support of the defendant's request for a lesser sentence. However , the District Court refused to grant the requested relief largely in light of the defendant's career offender designation, as well as the uncontested weigh t of powder cocaine involved in Count One of the indictment to which the defendant plead guilty" (Doc. 138 at 2). No transcripts were prepared in this case due to the lack of appeal, so the undersigned cannot independe ntly verify this representation. However, it does tend to support the conclusion reached herein.

[4] Defendant was charged in Count Four with distribution of more than five (5) grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B)(iii). Five grams of cocaine base, or even the 19.1 grams of cocaine base for which Defendant was ultimately held accountable (*see* PSR ¶ 20), is no longer sufficient to invoke the penalties set forth in § 841(b)(1)(B). After the FSA, twenty-eight (28) grams or more of cocaine base are required to invoke the same penalties. Offenses involving less than twenty-eight grams of cocaine base are subject to the penalty provisions of § 841(b)(1)(C). Under this section, the maximum term of imprisonment for an individual with a prior felony conviction is thirty (30) years, and the corresponding base offense level under the career offender guidel ine would be 34. With a three level adjustment for acceptance of responsibility, Defendant's total offense level as to C ount Four, if it stood alone, would be 31, with an applicable guidelines range of 188 to 235 months.

Case Nos.: 4:10cr1/MW/CAS; 4:11cv377/MW/CAS

applicable to a conviction under § 841(b)(1)(C) after a prior conviction for a felony drug offense, his sentence in this case would remain unchanged even after the FSA.[5]

Conclusion

Based on the foregoing analysis, Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

**Certificate of Appealability**

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

---

[5] The court also notes that since the sentences were ordered to run concurrently, a shorter sentence on Count Four would have no practical effect, as Defendant would still be subject to the sentence imposed on Count One.

Case Nos.: 4:10cr1/MW/CAS; 4:11cv377/MW/CAS

issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 133) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 25th day of October, 2013.


/s/ *Charles A. Stampelos*
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** See **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**